UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00167-GNS-HBB

RATLIFF MOTOR SALES,                                                                    PLAINTIFF

v.

50 CARS & TRUCKS, INC. et al.,                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to the State Court. (DN 16). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS** Plaintiff's Motion and **DENIES** all other motions as moot.

### I. BACKGROUND

On October 24, 2014, Plaintiff Ratliff Motor Sales filed a lawsuit in Taylor Circuit Court asserting claims relating to Plaintiff's purchase of a car from Defendant Fidelity Automotive, Inc. ("Fidelity"), which Fidelity had acquired from Defendant 50 Cars & Trucks, Inc. (DN 1-1 at 1-2). After the sale, Plaintiff discovered that someone had tampered with the car's odometer. (DN 1-1 at 1–2). In the Complaint, Plaintiff alleges that "[j]urisdiction is appropriate in [the Taylor Circuit Court] as there is complete diversity of citizenship between the parties and the

amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332 but less than seventy-five thousand dollars ($75,000.00)." (*Id.* at 2-3).

On November 19, 2014, Defendants filed a Notice of Removal in this Court.[1] (DN 1). On January 15, 2015, Plaintiff filed a Motion to Remand to the State Court (DN 16), to which Defendants have responded (DN 19, 22). Plaintiff filed its Reply on February 24, 2015. (DN 24). The motion is fully briefed and ripe for a decision.

## II. JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States." 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), the Court must remand a case "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A party invoking federal jurisdiction bears the burden of "demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

---

[1] While several filings were made in response, a Notice of Removal is not a motion. In one of these filings, Plaintiff "stipulates that [it] seeks damages, compensatory, punitive, or otherwise, of less than $75,000, thus giving no basis for removal." (DN 8).

A post-removal stipulation that clarifies the amount in controversy as less than $75,000 and unequivocally limits damages of a potential judgment defeats diversity jurisdiction under 28 U.S.C. § 1332. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). In this case, Plaintiff has stipulated that the damages it seeks are less than the amount in controversy required under Section 1332, and that it would amend the Complaint accordingly "[w]ith the Court's permission." (DN 8). Thus, Plaintiff's stipulation satisfies this requirement, and the requirements for diversity jurisdiction are not met.

In opposing remand, Fidelity argues that Plaintiff alleged amounts exceeding the $75,000 jurisdictional requirement in its Complaint, and has thus waived any objection to removal. (DN 19). 50 Cars & Trucks, Inc. asserts effectively the same as its sole argument in its Response to Plaintiff's Motion to Remand. (DN 22). Given the ambiguous nature of the Complaint, the Court disagrees. Plaintiff also alleged an amount less than $75,000 in its Complaint (DN 1-1), and that fact carries equal force.

Fidelity also argues that Plaintiff seeks an unspecified amount of damages, and thus Fidelity must prove only that it is more likely than not that Plaintiff's claims meet the amount-in-controversy requirement. (DN 19). While Fidelity is correct regarding the law, the fact that Plaintiff has sued for multiple forms of damages coupled with a recent verdict in which a Kentucky jury awarded a plaintiff $245,000 in punitive damages in an odometer-tampering case (*see* DN 19 at 2) is not sufficient. Plaintiff's stipulation remains, and Fidelity's arguments do not erase that stipulation. Fidelity has therefore not carried its burden to show that the amount in controversy more likely than not exceeds $75,000.

## IV. CONCLUSION

For the forgoing reasons, this Court lacks subject matter jurisdiction. Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Remand to State Court (DN 16) is **GRANTED** and all other motions (DN 5; DN 11) are **DENIED** as moot. **IT IS HEREBY FURTHER ORDERED THAT** the case is **STRICKEN** from the Court's docket.

Greg N. Stivers, Judge
United States District Court

March 12, 2015

cc: counsel of record